RUDOLPH, Appellant, *v.* NORTH, Respondent.

**Replevin — Pleading — Verdict — Judgment.**

>    In an action of replevin the plaintiff sought to recover under two chattel mortgages. The defendant, a sheriff with an attachment against the mortgagor, contended one of the mortgages was void, but did not resist recovery as to the other, only to the property or its value in excess of this mortgage. The jury returned a verdict finding the first mortgage "void," and that the plaintiff was entitled to the possession of the property, fixing its value and the plaintiff's damages. The court thereupon entered judgment that the defendant was entitled to the possession of the property or its value, in excess of the uncontested mortgage, together with costs and disbursements. *Held*, error, and, 1. Such a verdict is neither general or special, and an objection to its receipt should have been sustained. 2. That the special finding was not sufficient to sustain the judgment. 3. That in such case it was necessary to order a new trial.

>    (Argued and determined at the May Term, 1888.)

APPEAL from the district court, Lincoln county; Hon. C. S. Palmer, Judge.

Replevin, M. E. Rudolph, plaintiff, and J. M. North, defendant. The defendant had judgment and the plaintiff appealed.

The plaintiff brought this action to recover the possession of a stock of goods that the defendant had taken on a writ of attachment. Plaintiff based his right to recover upon two chattel mortgages executed by the defendant in the attachment. One of these mortgages, called exhibit " C," was made directly to him, the other he held by assignment. The defendant justified the taking under the attachment on the ground that the mortgage, exhibit " C," was void as against creditors whom he represented in the attachment. He also alleged that he " disclaims the right to the possession of any more of said property, or the value thereof, than may remain after the payment" of the assigned mortgage; but alleged that the mortgagee of the assigned mortgage, prior to its assignment, had recognized his possession of the property under the attachment of which the plaintiff had notice.

At the trial the jury returned the following verdict: " We the jury in the above-entitled action find in favor of the plaintiff and against the defendant, except as to the mortgage marked exhibit ' C,' which we find to be null and void, and that the plaintiff is entitled to the possession of the property described in the complaint, and find the value thereof to be $2,549.47, and assess the plaintiff's damages sustained by reason of the taking and detention of the said property at $60. E. W. Owens, Foreman."

The defendant objected to the reception of this verdict. The court, however, received it and discharged the jury. Each party thereafter applied for judgment in his favor on the verdict, and the court entered the following findings and judgment:

1. That the value of the property described in the complaint is $2,549.47.

2. That of said amount of property the plaintiff had an interest amounting to $557.12, which in no way conflicted with the defendant's right of possession, and was duly disclaimed by the defendant in his answer herein, and that said amount of $557.12 was all the interest plaintiff had in said property.

3. That the chattel mortgage described in the complaint as exhibit " C " is fraudulent and void as to the creditors of the mortgagor.

4. That the defendant is entitled to the possession of the prop-

erty described in the complaint, or if a return thereof cannot be had, then the value of his interest therein, to-wit: $1,992.35.

5. That the defendant also have and recover of the plaintiff his costs and disbursements in this action, amounting to $37, making in all the value of the defendant's interest in the property, $2,029.35.

The plaintiff appealed, assigning error upon the rendition of this judgment.

*H. H. Keith* and *M. E. Rudolph*, for appellant.

The question of a lien on the surplus after satisfying a mortgage cannot be tried in a replevin suit. Gillespie v. Brown, 20 N. W. Rep. 632; Blue Valley Bank v. Clement, 30 id. 66; §§ 263, 295, C. C. Pro.

The judgment is void. There can never be a judgment for each in replevin where the property is indivisible. Phipps v. Taylor, 16 Pac. Rep. 173; Blue Valley Bank v. Clement, *supra;* Pratt v. Tucker, 67 Ill. 346; Poor v. Woodburn, 25 Vt. 234; Powell v. Hinsdale, 5 Mass. 324; Guille v. Wong Fook, 11 Pac. Rep. 277; Ela v. Bankes, 37 Wis. 89.

The verdict was general. § 260, C. C. Pro.; Brewster v. Bowers, 8 Cal. 501; Board v. Parker, 7 Minn. 267. Finding one of the mortgages void was not a special finding; it was a conclusion of law. Louisville & N. R. R. Co. v. Worley, 7 N. E. Rep. 215; Pittsburg v. Adams, 5 id. 187; Louisville & N. R. R. Co. v. Batch, 4 id. 288; Hidden v. Jordan, 28 Cal. 305, id. 244, 588; Keller v. Bootman, 49 Ind. 108; Edgell v. Hart, 9 N. Y. 213; Dalton v. Rentaria, 15 Pac. Rep. 37. It was surplusage and would not affect plaintiff's general verdict. Proff. Jury, §§ 413, 432, 445; Coit v. Waples, 1 Minn. 134; Pierce v. Shaden, 62 Cal. 283; O'Brien v. Palmer, 49 Ill. 74; Louisvillle & N. R. R. Co. v. Flannagan, 14 N. E. Rep. 370; Walson v. R. R. Co., 50 Cal. 524; Chamberlain v. Vance, 51 id. 85; Marquad v. Wheeler, 52 id. 445.

If a verdict be repugnant the court ought to set it aside, not substitute its judgment for that of the jury. Hewson v. Saffin, 7 Ham. (Ohio) 232; Barrett v. Hall, 1 Mass. 497.

The verdict did not support the judgment rendered. This is

necessary. Garlick v. Bower, 62 Cal. 65; Cummings v. Peters, 56 id. 597; Thomas v. Lawler, 53 id. 407; Kiel v. Reay, 50 id. 62; Ross v. Anstell, 2 id. 192; Child v. Child, 13 Wis. 17.

For the defendant to have had this judgment, his interest and its value ought to have been found by the jury. Woodruff v. King, 2 N. W. Rep. 452; Williams v. Brosnahan, 33 id. 739; Strahan v. Smith, 16 Pac. Rep. 747; Welton v. Baltezore, 23 N. W. Rep. 1.

The verdict was sufficient to warrant a judgment for the plaintiff. In such a case the court will reverse and order the proper judgment, not a new trial. Everit v. Walworth, 13 Wis. 419; Rankin v. Greer, 16 Pac. Rep. 680. See, also, Proff. Jury, § 418; Newlin v. Reed, 30 Ia. 496; Moore v. Devol, 14 id. 112; Eisley v. Mulchow, 2 N. W. Rep. 372; Fitzer v. McCannon, 14 Wis. 63; Krause v. Cutting, 28 id. 655; Eldred v. Oconto County, 33 id. 137; Clark v. Heck, 17 Ind. 281.

*F. R. Aikens* (*A. R. Brown*, counsel), for respondent.

The only issues were the validity of the mortgage, exhibit " C," and the value of the property. These issues having been found for the defendant he was entitled to judgment.

It is evident the jury agreed with the defendant on the only real question in the case, and should the court reverse the judgment, it ought to grant a new trial. Great injustice would be done without it. Johnson v. U. P. B., etc., 5 Cent. Rep. 750.

By the Court:

The judgment is reversed upon the ground that the verdict is neither general nor special. It should have been rejected by the court, and the jury again sent out to deliberate. The objection of respondent to its reception should have been sustained.

The special finding in the verdict in favor of the respondent was not sufficient in law to sustain the judgment.

That an inspection of the record shows a mis-trial of the cause, and a new trial is ordered. All of the justices concur.

Reporter:— The appellant petitioned for a rehearing as to so much of the decision as directed a new trial. The petition was denied at the October Term, 1888.